No plan or agreement was entered into "at or previous to the sale" of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company by the purchaser thereat, or the persons for whom the purchase was made, for or in anticipation of the readjustment of the respective interests therein of the creditors, mortgagees, stockholders and others as provided by section 10 of the Stock Corporation Law (Cons. Laws, chap. 59). An effort was made to form such a plan or agreement at or previous to the sale, but it failed and was wholly abandoned.
The purchaser of independent parts of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company, and the persons associated with him, have become a corporation in the name of The Westchester Street Railroad Company, and it is assumed that such company has become vested with and entitled to enjoy all the rights, privileges and franchises which at the time of the sale belonged to or were vested in the corporation last owning the property sold or its receiver so far as the same were so purchased; and is subject to all the provisions, duties and liabilities imposed by law on that corporation *Page 459 
to the extent of the parts purchased as aforesaid, pursuant to section 9 of said Stock Corporation Law. The formation of the Westchester Street Railroad Company was not a reorganization of the Tarrytown, White Plains and Mamaroneck Railway Company within section 10 of said Stock Corporation Law as construed by this court in considering the reorganization of the Third Avenue Railroad Company. (People ex rel. Third Avenue R. Co. v.Public Service Commission, 203 N.Y. 299.)
The Westchester Street Railroad Company is subject to the authority of the public service commission as provided by section 55 of the Public Service Commissions Law (Laws of 1907, chap. 429).
The Appellate Division has expressly disapproved as against the weight of evidence the finding made by the public service commission, which, in substance, is that the value of the parts of the Tarrytown, White Plains and Mamaroneck Railway Company bid off at the foreclosure sale on November 5, 1909, and conveyed to said The Westchester Street Railroad Company by the referee making the sale, does not exceed $400,000. The order of the public service commission authorizing the relator to issue its common capital stock to the amount of $434,000, and denying its application for a larger issue, was also by the Appellate Division reversed, annulled and set aside upon the law and the facts.
We are unable to hold as is held in substance by the Appellate Division that The Westchester Street Railroad Company is entitled, as a matter of law, to the approval by the public service commission of an issue of its stock to an amount at least equal to the bid made in its behalf for parts of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company.
The purchase price of property in the open market is generally entitled to great weight in determining the value of such property, but such purchase price is not conclusive evidence of value, and a determination of such *Page 460 
amount does not prevent the consideration of other evidence bearing upon the value of the property purchased.
The finding of the public service commission as to value having been disapproved and its order annulled and set aside, the proceeding should be remitted to it for its further action in view of the findings of the Appellate Division, and either party to the proceeding should, if desired, be allowed to present further testimony to the commission relating to the question of value.
The order of the Appellate Division should be modified by striking therefrom the words "and that said commission be and it hereby is directed to proceed as indicated in the opinion of this (Appellate Division) court," and by adding after the words "copy of this order" the words "and either party to the proceeding may present further testimony relating to the question of value," and as thus modified affirmed, without costs.
WILLARD BARTLETT, Ch. J., WERNER, COLLIN, HOGAN and MILLER, JJ., concur; HISCOCK, J., not sitting.
Ordered accordingly.